UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPIRIT AIRLINES, INC.,

    Plaintiff,                                  No. 14-10715

v.                                         District Judge Patrick J. Duggan
                                            Magistrate Judge R. Steven Whalen

ASSOCIATION OF FLIGHT
ATTENDANTS-CWA, AFL-CIO,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO STAY**

Before the Court is Plaintiff Spirit Airlines, Inc.'s Motion to Stay or Defer Briefing and Disposition on Defendant's Motion for Judgment on the Pleadings [Doc. #26]. For the reasons discussed below, the motion is DENIED.

Plaintiff Spirit Airlines, Inc. ("Spirit") filed an amended complaint on February 14, 2014 [Doc. #2].[1] On March 5, 2014, the Court extended the time for Defendant Association of Flight Attendants-CWA, AFL-CIO ("AFA") to file an answer or other responsive pleading to March 21, 2014 [Doc. #9]. Defendant filed its answer, with affirmative defenses, on April 7, 2014 [Doc. #14], and on June 10, 2014, filed a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) [Doc. #18].

Spirit now asks the Court to stay or defer briefing on AFA's motion for judgment on the pleadings, so that it can undertake discovery.

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss for failure to state a

---

[1] This case was transferred from the Northern District of Texas. *See* Doc. #3.

claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) or Rule 12(c) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). The current pleading standard for a complaint was set forth in *Ashcroft v. Iqbal*, 556 U.S.662 (2009), where the Supreme Court held that the facts pled must, on the face of the complaint, show a "plausible" claim for relief. The *Iqbal* court explicitly declined to relax this pleading requirement to permit even limited or "minimally intrusive" discovery, stating, "Because respondent's complaint if deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Id*. at 686. *See also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011)("The plaintiff may not use the discovery process to obtain...facts after filing suit. The language of *Iqbal*, 'not entitled to discovery,' is binding on the lower federal courts."

Spirit's argument that it seeks only "modest discovery" runs counter to the dictates of *Iqbal* and *New Albany Tractor*.[2] Nor is the Court persuaded by Spirit's suggestion that granting a stay pending discovery "would also foreclose any need for this Court to address dispositive motions in two separate rounds, rather than address them in a single round upon the completion of discovery." *Plaintiff's Motion* [Doc. #26], p.3. Aside from its inconsistency with *Iqbal*, this argument presupposes that the pending motion for judgment on the pleadings will be denied. That remains to be determined.

---

[2] Spirit's citation to *Ford Motor Company v. United States*, 2009 WL 2776881 (E.D. Mich. 2009) is unpersuasive. In that case, the Court stayed briefing on a motion for judgment on the pleadings pending resolution of objections to a Magistrate Judge's discovery order. However, the Court stated, "Ford has not demonstrated, however, that any further discovery is needed before it can respond to the motion."

Accordingly, Spirit's motion to stay [Doc. #26] is DENIED.

IT IS SO ORDERED.

                                        s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 2, 2014, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen