UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPIRIT AIRLINES, INC.,

       Plaintiff,                            Case No. 14-CV-10715

v.                                                    Honorable Patrick J. Duggan

ASSOCIATION OF FLIGHT
ATTENDANTS – CWA, AFL-CIO,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL

On June 17, 2015, the Court issued an order enforcing the arbitration award at issue in this litigation. *See Spirit Airlines, Inc. v. Ass'n of Flight Attendants – CWA, AFL-CIO*, No. 14-CV-10715, 2015 WL 3771330 (E.D. Mich. Jun. 17, 2015). The award, which was issued pursuant to the mandatory arbitration provisions of the Railway Labor Act and the collective bargaining agreement ("CBA") between Plaintiff Spirit Airlines, Inc. ("Spirit") and Defendant Association of Flight Attendants – CWA, AFL-CIO ("AFA"), resolved in favor of AFA a grievance concerning the healthcare options available to Spirit flight attendants whose relationships are by partnership (as opposed to marriage) and their families. Spirit offered its married Spirit flight attendants and their families a

choice of four healthcare plans from which to choose, while limiting partnered flight attendants and their families to just one plan. The award requires Spirit to treat married and partnered flight attendants alike by offering the same menu of healthcare options to both classes of flight attendants.

On July 14, 2015, Spirit filed a notice of appeal along with the present motion to stay enforcement of the Court's June 17, 2015 order enforcing the arbitration award. The motion is fully briefed and ready for decision. The Court dispenses with oral argument, *see* E.D. Mich. LR 7.1(f)(2), and will deny the motion for the reasons that follow.

Spirit seeks a stay pending appeal, pursuant to Federal Rule of Civil Procedure 62(d), of the Court's order enforcing an arbitration award that provides AFA with injunctive relief. Rule 62(d) permits an appellant to obtain a stay pending appeal as a matter of right by giving a supersedeas bond. However, an appellant is not automatically entitled to a stay by supersedeas bond "in an action for an injunction." Fed. R. Civ. P. 62(a), (d). Because Spirit seeks to stay an order of this Court enforcing an arbitration award that provides injunctive relief to AFA, Rule 62(d) does not apply.[1]

---

[1] Even if this case is not "an action for an injunction" per se, Spirit would still not be entitled as a matter of right to a stay by supersedeas bond under Rule 62(d) because such stays are best suited for cases involving money judgments and this case is not one involving a money judgment. *See Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (Mem. Op. of

2

Although Rule 62(d) does not apply, a stay pending appeal may nonetheless remain possible under a different provision of Rule 62.  Rule 62(c) governs stays pending appeal in cases involving injunctions and authorizes courts to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  To determine whether a stay pending appeal is appropriate under Rule 62(c), the Court balances the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987).  As noted in one respected treatise, the first two factors are the most important and the proponent of the stay, Spirit here, must clear a substantial hurdle:

> There is, of course, considerable reluctance in granting an injunction pending appeal when to do so, in effect, is to give the appellant the

---

Harlan, J.) ("With respect to a case arising in the federal system it seems to be accepted that a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)."); *Arban v. West Publ'g. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) ("Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) ("Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment."); 12 James Wm. Moore, Moore's Federal Practice ¶ 62.039[3][b] (3d ed. 2015) ("Since the purpose of requiring a bond is to assure that if the appeal is unsuccessful there will be adequate funds available to pay the judgment, the Rule 62 stay is best suited for cases in which money judgments are involved.").

3

> ultimate relief being sought. Thus, to succeed in obtaining an injunction in these circumstances, the appellant will be required to show a great likelihood that he will prevail when the case finally comes to be heard on the merits and that a denial of interim relief will result in irreparable injury.

11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2904 pp. 702-04 (2012) (footnotes omitted). Regarding the interplay between the first two *Hilton* factors, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the non-movant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citation omitted). However, to obtain a stay pending appeal, the movant must always show, at the very least, "serious questions going to the merits." *Id.* at 153-54 (internal quotation marks and citation omitted).

Regarding the likelihood that Spirit will prevail on appeal, the Court acknowledges, as Spirit points out, that this is a "close case," Spirit Reply at 3, and that the Court has "viewed the issue of enforceability of the [award] both in favor of Spirit (in denying AFA's motion for judgment on the pleadings) and in favor of AFA (on cross-motions for summary judgment)." Spirit Br. at 2. Although the Court agrees with Spirit that there is a possibility that it will prevail on appeal, a mere possibility of success is not the standard. *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 1761 (2009); *Griepentrog*, 945 F.2d at 153. Rather, Spirit must

4

show that its likelihood of success on appeal is "great" or, at the very least, that there are "serious questions going to the merits." Although Spirit states in its brief that it "will raise valid and meritorious arguments on . . . appeal," Spirit Br. at 2, it does not identify what those arguments will be, nor does it explain why it believes the Court erred in concluding that the arbitration award must be enforced. Because Spirit has not satisfied its burden of showing a great likelihood of success on appeal or even serious questions going to the merits, Spirit is not entitled to a stay under Rule 62(c). *See Perry v. Schwarzenegger*, 702 F. Supp. 2d 1132, 1135 (N.D. Cal. 2010) (no likelihood of success on appeal where proponent of stay fails to discuss likelihood of success on appeal "with reference to the court's conclusions"); *Smith v. Jones*, No. 05-CV-72971, 2007 WL 3408552, at *2 (E.D. Mich. Nov. 15, 2007) (no likelihood of success on appeal where proponent of stay "re-argu[es] . . . the issues without any new analysis or case citation").

While the Court believes that Spirit's failure to show "serious questions going to the merits" ends any possibility of obtaining a stay, the Court is cognizant of the novel factual circumstances of this case and the lack of analogous case law on point, and will therefore consider the remaining factors of the *Hilton* framework. The Court discusses the second and third factors together by "consider[ing] . . . the harm that a stay might cause to the party who has obtained

5

the judgment," AFA, "and balanc[ing] this against the harm that denial of a stay would cause to the losing party," Spirit. 11 Wright & Miller § 2902 p. 668.

Tellingly, Spirit does not argue that it will suffer *irreparable* harm absent a stay. To be sure, Spirit points to harm that it will suffer if a stay is not granted:

- "[R]equiring Spirit to amend . . . plan options for thousands of employees . . . represents a substantial administrative and financial undertaking."

- "Amending the . . . plan options . . . carries both administrative challenges, and exposes Spirit to interim claims by other unionized groups for the same domestic partner options under 'me too' provisions of other collective bargaining agreements."

- Affording additional health plan options to flight attendants whose relationships are by partnership will cost Spirit money because "individual and spousal/family health benefits for flight attendants are heavily subsidized by Spirit."

Spirit Reply at 3-4. However, all of Spirit's alleged harm involves financial loss, inconvenience, or administrative difficulty. As such, the harm alleged does not qualify as irreparable. *See Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 953 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." (internal quotation marks and citation omitted)).

Regarding the third factor of the *Hilton* framework, the possibility that AFA would be harmed in the event of a stay, Spirit argues that AFA would suffer minimal harm if the Court granted a stay because a stay would preserve the status

6

quo. Spirit emphasizes that adequate health insurance coverage will remain available to partnered flight attendants and their families during the next open enrollment period in November 2015 under the one Spirit plan available to them or through other sources, such as the Affordable Care Act. Spirit acknowledges that partnered flight attendants and their families will continue to be denied access to the three additional plan options available to married flight attendants and their families, but argues essentially that partnered flight attendants and their families will not miss those additional options because they have never been entitled to them. Spirit also contends that partnered flight attendants and their families could find themselves without any coverage in the event a stay is denied and Spirit wins on appeal:

> Offering domestic partner health benefits in additional plan options at the next open enrollment . . . and then discontinuing the benefits in the middle of a plan year, should Spirit prevail on appeal, would entail multiple modifications of the plans, and conceivably leave domestic partners without coverage, and without the ability to revert to whatever health plan . . . they now leave.

Spirit Reply at 5.

The Court rejects Spirit's arguments and concludes that AFA will suffer harm if a stay is granted. If a stay is granted, partnered flight attendants represented by AFA and their families will be restricted to one employer-sponsored healthcare plan during the November 2015 open enrollment period; if a stay is not granted, partnered flight attendants and their families will have four

7

plans from which to choose during the November 2015 open enrollment period. The elimination of a choice of employer-sponsored healthcare plans during the next open enrollment period, regardless of whether a choice of plans was historically offered, constitutes clear harm. Moreover, Spirit's concern about partnered flight attendants and their families being without any coverage or unable to switch back mid-plan-year to the one healthcare plan presently available to them in the event a stay is not granted and this Court's decision to enforce the award is reversed is unsupported and speculative. Even if this Court's decision enforcing the arbitration award were reversed during the plan year, Spirit does not explain how a participant's plan election could be altered outside of the open enrollment period. Thus, Spirit's concern about the harm that mid-plan-year election changes could cause partnered flight attendants and their families is unfounded. Moreover, even if participants could be forced to change plans outside of the open enrollment period, Spirit provides no evidence that its concerns are plausible.

Regarding the final *Hilton* factor, Spirit concedes that the public interest in granting a stay "does not weigh heavily in either direction." Spirit Reply at 5.

Having balanced the four *Hilton* factors, the Court concludes that a stay pending appeal of the Court's order enforcing the arbitration award at issue in this litigation is not warranted under Rule 62(c). Moreover, Spirit is not entitled to a stay by supersedeas bond as a matter of right under Rule 62(d). Accordingly,

Spirit's motion to stay enforcement of the Court's judgment pending appeal is **DENIED**.

**SO ORDERED.**

Dated: August 12, 2015                    s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:

Peter J. Petesch, Esq.
William B. Balke, Esq.
John R. Runyan , Jr., Esq.
Marshall J. Widick, Esq.
Peter C. Swanson, Esq.